IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHIEP PHOUN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KEVIN KAUFFMAN, et al. | : | NO. 17-1313 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                       November 1, 2022

      Phiep Phoun, through his court-appointed counsel, has two motions presently pending in connection with his habeas corpus petition. First, he seeks leave to amend his habeas petition to add additional facts in support of his claim that his direct appeal counsel had a conflict of interest. See Doc. 46. Second, he asks this court to stay consideration of his petition to allow him to exhaust his state court remedies with respect to this claim as amended. Doc. 47. The District Attorney opposes both motions. Doc. 53.

      Phoun originally filed his pro se habeas petition (Doc. 1) while litigating the denial of his first PCRA petition in state court, see Doc. 30 ¶ 10, and amended the petition shortly thereafter. Docs. 6-7. I later appointed the Federal Community Defender Office to represent him, Doc. 24, and granted counsel's request to stay the matter to allow Petitioner the opportunity to exhaust his state court remedies. Doc. 31. At the conclusion of the state court proceedings, Petitioner sought to lift the stay, Doc. 35, and subsequently sought leave to amend the petition to include two additional claims; (1) the conflict of interest presently at issue, and (2) ineffective assistance of counsel for failure to seek a

severance. Doc. 38-1 (GROUNDS SEVEN & EIGHT). Petitioner acknowledged that the conflict of interest claim was unexhausted and the ineffectiveness claim was procedurally defaulted. Id. at 9, 14. In response to the petition, as amended, the District Attorney argued that both of Petitioner's new claims were procedurally defaulted and lacked merit, and that the severance claim is untimely. Doc. 44 at 15-22. Petitioner, through counsel, then filed the third motion to amend and the motion to stay, Docs. 46 & 47, which the District Attorney opposes. Doc. 53. Petitioner has now advised this court that he has filed a PCRA petition raising the conflict of interest claim. Doc. 54; see also Commonwealth v. Phoun, No. CP-51-CR-0010952-2008, Criminal Docket (Phil. C.C. P.) (entry dated 10/27/22 reflecting supplemental PCRA filed).

Recognizing that the habeas one-year limitations period, 28 U.S.C. § 2244(d), can conflict with the exhaustion requirement of section 2254(b)(2), the Supreme Court has permitted the federal court to stay consideration of a habeas petition to allow the petitioner the opportunity to exhaust state court remedies if the unexhausted claim has potential merit and the petitioner can show good cause for his failure to exhaust the claim. Rhines v. Weber, 544 U.S. 269, 275 (2005). By staying the federal petition rather than dismissing it, the court can allow a petitioner to complete the state procedures necessary to comply with the exhaustion requirement without the need to re-file at a point in time that might be outside of the statute of limitations. This procedure protects the concerns of both comity and finality by giving the state courts the first opportunity to address the unexhausted claims and preserving the petitioner's exhausted claims from an untimely fate if the federal court were to dismiss a mixed petition. Id. at 278; see also

Pace v. DiGuglielmo, 544 U.S. 408, 415 (2005) (discussing benefits of filing a "protective petition"). Whether to stay a petition under Rhines is discretionary with the district court, guided by the timeliness concerns at issue. 544 U.S. at 277-78.

Here, the District Attorney argues that the court should deny the motion to stay because the conflict of interest claim is "plainly meritless," Doc. 53 at 3, and that the court should deny the motion to amend because the amendment to add additional facts in support of the conflict of interest claim is futile because the claim remains meritless. Id. at 8. Petitioner maintains that his counsel operated under a conflict of interest in representing him and a co-defendant on direct appeal. Doc. 47. Moreover, Petitioner argues that he has an available remedy to exhaust the claim in the state court because he can meet an exception to the PCRA statute of limitations because he was unaware of the conflict until his habeas counsel discovered the fact in preparing a reply in this case. Doc. 46 ¶ 6.

Rather than usurping the state court's opportunity to address the claim in the first instance, see Sistrunk v. Vaughn, 96 F.3d 666, 675 n.11 (3d Cir. 1996) (exhaustion requirement "designed to assure that the [state courts] will have the opportunity to address [a] federal claim in the first instance), to avoid piecemeal litigation, see Rose v. Lundy, 455 U.S. 509, 521 (1982) ("Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation), and because it is not clear that such review is foreclosed in the state court, I will grant the motions to amend and to stay consideration of the petition as amended. Petitioner and the District Attorney shall notify

the Court and move to lift the stay within thirty days of the conclusion of Petitioner's state court proceedings.

Petitioner also asks the court to appoint his present habeas counsel to represent him in the state court to present his newly filed PCRA claim.  Doc. 47 at 7-9.  He cites authority under 18 U.S.C. § 3006A(c), which states that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings . . . including ancillary matters appropriate to the proceedings."[1]  He also cites 18 U.S.C. § 3599(e) and Harbison v. Bell, 556 U.S. 180 (2009), which apply to appointment of counsel in death penalty proceedings.  Section 3599(e) provides that counsel appointed in a death-penalty case "shall represent the defendant throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction process, together with . . . other appropriate motions and procedures."  In Harbison the Supreme Court held that state post-conviction proceedings were not part of the "available post-conviction process" within the meaning of section 3599(e), 556 U.S. at 189-90, but construed the "other appropriate motions and procedures" language as authorizing "a district court [to] determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation."  Id. at 190 n.7.

Assuming that the "ancillary matters appropriate to the proceedings" language of section 3006A has the same meaning in the context of a section 2254 proceeding as the

---

[1]Counsel was appointed for Petitioner not as a matter of right, but as a matter of the court's discretion under 28 U.S.C. § 2254(h), which states that the court "may" appoint counsel in section 2254 cases, in which case appointment "shall be governed by section 3006A."

"other appropriate matters and procedures" language of section 3599, I do not find the present case appropriate for the exercise of discretion to appoint counsel for the state-court matter. The Honorable Marilyn J. Horan recently denied a similar request in a state death penalty habeas matter, on grounds similar to those present here.

> [The petitioner] has not shown that it is either necessary or appropriate for the Court to authorize the use of federal resources as he litigates another state collateral action. He does not assert that the state court lacks the discretion to appoint counsel or that no qualified state counsel are available. Nor does he contend that he has initiated state court proceedings and requested the appointment of counsel and that the state court has denied his request. Thus, the court declines to grant [the petitioner's] motion to appoint his federal habeas counsel to represent him in his state proceeding. See, e.g., Hitcho v. Wetzel, No. 16-cv-1156, 2016 WL 8717228 (E.D. Pa. 2016) (finding no basis to expand federal habeas counsel's appointment when petitioner had qualified attorneys representing him in his state proceeding); Tedford v. Beard, No. 20-cv-409, slip op. (W.D. Pa. Nov. 12, 2014) (Gibson, J.) (declining to expand the appointment of federal habeas counsel to represent petitioner in successive state collateral proceeding he decided to file after the district court held that he was not entitled to additional discovery in his federal habeas case).

Hairston v. Sorber, Civ. No. 22-234, 2022 WL 4926156, at *3 (W.D. Pa. Oct. 4, 2022).

Here, Petitioner has filed a subsequent PCRA petition in an attempt to exhaust his conflict of interest claim. This is not an unusual scenario, as petitioners under section 2254 not infrequently have similar claims proceeding in state and federal courts simultaneously. Indeed that is the very reason federal courts will often stay habeas proceedings, so that the state courts have the first opportunity to address challenges to state-court convictions. Petitioner has failed to establish his need for counsel or that the

state court has denied any request for counsel or that qualified counsel is not available to pursue the claim in the state court.  Under the circumstances, I will deny the request to authorize habeas counsel to represent Petitioner in the state court proceedings.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHIEP PHOUN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KEVIN KAUFFMAN, et al. | : | NO. 17-1313 |

## **O R D E R**

AND NOW, this 1st day of November, 2022, upon consideration of Petitioner's Motions for Leave to Amend (Doc. 46), and the District Attorney's response (Doc. 53), and for the reasons stated in the accompanying Memorandum, IT IS ORDERED that the Motion is GRANTED and the petition is amended to include the additional facts in support of Petitioner's conflict of interest claim. IT IS FURTHER ORDERED that upon consideration of the Petitioner's Motion to Stay and authorizing the appointment of counsel to exhaust state remedies (Doc. 47), and the response (Doc. 53), the Motion is GRANTED IN PART and DENIED IN PART. The habeas proceeding is stayed to allow Petitioner to exhaust his state court remedies with respect to the conflict of interest claim presented in his habeas petition. Petitioner and the District Attorney shall notify the Court and move to lift the stay within thirty days of the conclusion of

Petitioner's state court proceedings.  To the extent Petitioner seeks this court to authorize his habeas counsel to represent him to exhaust his state court remedies, the motion is DENIED.

                                          BY THE COURT:

                                          /s/ Elizabeth T. Hey_____
                                          ELIZABETH T. HEY, U.S.M.J.